IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-77,433-03




EX PARTE DARRYL B. WELLS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
FROM BEXAR COUNTY




           Johnson, J., filed a statement dissenting to the denial of relief.


D I S S E N T I N G S T A T E M E N T

            In his application for a writ of habeas corpus, applicant asserts that he received ineffective
assistance of counsel because his attorneys did not pursue dismissal of charges based on a violation
of the Interstate Agreement on Detainers Act (IADA), a congressionally sanctioned compact that
both states involved here, Texas and Ohio, have adopted. See Texas Code of Criminal Procedure
Art. 51.14. The purpose of the IADA is “to provide for the speedy disposition of charges filed in one
jurisdiction against prisoners who are serving sentences in another jurisdiction.” Morganfield v.
State, 919 S.W.2d 731,733 (Tex. App.—San Antonio 1996). A prisoner in jurisdiction A may
request final disposition of untried charges in jurisdiction B by giving written notice to the warden
in jurisdiction A, who forwards the request, along with a certificate containing information about the
prisoner’s current confinement in jurisdiction A, to the prosecuting officer and the appropriate court
in jurisdiction B. State v. Votta, 299 S.W.3d 130, 134-35 (Tex. Crim. App. 2009). The prisoner
must then be brought to trial in jurisdiction B within 180 days from the date on which the
prosecuting officer and the appropriate court in jurisdiction B receive from jurisdiction A the
required paperwork requesting final disposition.



            The only part of this process in which the prisoner has any control is in filing the proper
paperwork with the warden in jurisdiction A. After that, he must trust in the proper workings of the
system. In this case, the system did not work properly, through no fault of this applicant, and
because the system failed to perform as it should have, he was denied a hearing on his IADA claims.
            When applicant requested extradition and prompt resolution of his Texas charges, the
authorities in jurisdiction A, the state of Ohio, mailed the required paperwork to the authorities in
jurisdiction B, Bexar County, Texas, on October 2, 2006, and the paperwork was signed for by Texas
authorities on October 9, 2006. Assuming that no requests for an extension were granted, applicant
should have been brought to trial no later than April 7, 2007. Applicant’s trial began in August of
2008, sixteen months after the date required by IADA.
            At the hearing on remand, the District Attorney’s Office’s produced its file, which contained
the proper paperwork to invoke the provisions of the IADA: a waiver of extradition,


 a copy of the
Texas detainer in Ohio, an IADA notice, and a request to proceed on the Texas charges. It remains
unexplained why, if the proper papers were received and filed by the District Attorney, the
appropriate district court did not also receive and file a copy of those same papers.
            During this time, applicant had three attorneys. The first filed a motion to dismiss, based on
the state’s failure to comply with the IADA, but that attorney did not pursue the motion to a ruling
and then withdrew. The second attorney erroneously thought that the first attorney’s IADA motion
had been denied, and he also failed to pursue the motion to a ruling and then withdrew. The third
attorney reviewed the IADA documents that he got from applicant, but did not find those documents
in the court’s file, so he took no action. Applicant’s copies were, of course, not file marked, as the
documents were transmitted to Bexar County by the warden in Ohio, not hand-delivered by local
counsel to the Bexar County Clerk’s Office. Appellate counsel was aware of the IADA claims, but
she could not raise them on appeal because they had not been litigated in the trial court.
            At every turn after applicant’s IADA paperwork left Ohio, the system failed. His first
attorney withdrew without pursuing his IADA motion to dismiss to a ruling. The second attorney
erroneously assumed that the first had pursued the motion to the ruling, did nothing, and also
withdrew. The third attorney saw copies of applicant’s IADA papers, but once again, the applicant’s
claims were not investigated nor a ruling obtained. The District Attorney’s Office had copies of the
IADA papers. All of applicant’s attorneys knew that such a claim had been made yet, apparently,
none tried to find out why the District Attorney had the required papers but the district court did not.
            The writ application contains, at page 55, a letter from the Marion [Ohio] Correctional
Institution, dated March 29, 2010.
This letter is in regards to your inquiry regarding your IAD paper work. I have copies
of the certified receipts showing the paperwork was mailed to Texas on October 2,
2006, was received and signed by the receiving state officials. The final paperwork
was handled by the Extradition coordinator for the State of Texas in Austin, TX. All
copies were sent, delivered, and processed within the appropriate timeframe.
 
I am also aware that you were released to the state of Texas from our facility on said
detainer for these charges on Nov. 11, 2006. Hopkins County[


] and Bexar County
both had copies sent to them, as well as the District Attorney’s office. I hope that this
answers your questions and concerns. If Bexar County has any question, they may
contact our office directly with their concerns.

            From this letter, it is reasonable to assume that someone in Bexar County received the district
court’s copy and should have placed it in the court’s file on applicant’s charges, yet no IADA papers
were placed in it. Even though the District Attorney has no duty to investigate an IADA claim unless
raised by defense counsel, I find it curious that no such conversation seems to have occurred.
            In sum, the system went awry through no fault of applicant. We not infrequently grant relief
when the system malfunctions without fault attributable to an applicant: ineffective assistance when
attorney files a notice of appeal late or not at all, fails to notify an appellant that the court of appeals
has disposed of the appellant’s appeal, or fails to advise an appellant of the right to file a pro se
petition for discretionary review; papers placed in the wrong file in the clerk’s office; proof of
mailing provided, yet no record of the item being received by TDCJ; records lost in natural disasters. 
The concern here is not whether applicant had a meritorious claim, but rather that he was denied an
opportunity to litigate that claim.
            I respectfully dissent.

Filed: October 30, 2013
Do not publish